KAEMPFER CROWELL
Louis M. Bubala III
Nev. Bar No. 8974
50 W. Liberty Street, Suite 1100
Reno, Nevada 89501
Telephone: (775) 852-3900
Facsimile: (775) 327-2011
E-Mail: lbubala@kcnvlaw.com

KAEMPFER CROWELL
Kristopher J. Kalkowski
Nev. Bar. No. 14892
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
Telephone: (702) 792-7000
Facsimile: (702) 796-7181
E-Mail: kkalkowski@kcnvlaw.com

HUSCH BLACKWELL LLP
Abraham J. Souza
*Admitted Pro Hac Vice*
8001 Forsyth Blvd., Ste. 1500
St. Louis, Missouri 63105
Telephone: (314) 345-6225
Facsimile: (314) 480-1505
E-Mail: abraham.souza@huschblackwell.com

*Attorneys for Defendant*
*SilverSummit Health Plan, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DIGNITY HEALTH, a California non-profit public benefit corporation, d/b/a ST. ROSE DOMINICAN HOSPITAL,<br><br>Plaintiff,<br><br>vs.<br><br>SILVERSUMMIT HEALTH PLAN, INC.; DOES 1 THROUGH 25; and ROES 1 THROUGH 25,<br><br>Defendants. | Case No. 2:25-cv-00576-JAD-EJY<br><br>**DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**(SPECIAL SCHEDULING REVIEW REQUESTED)** |

Plaintiff Dignity Health d/b/a St. Rose Dominican Hospital ("Dignity Health"), and defendant SilverSummit Health Plan, Inc. ("SilverSummit"), by their attorneys and pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, submit this Discovery Plan and

Scheduling Order and state as follows:

1. <u>Areas of Discovery</u>: This is a payor-provider dispute, alleging that SilverSummit underpaid Dignity Health for certain healthcare services claims. Discovery will be conducted on all claims and defenses within the scope of the pleadings consistent with the Federal Rules of Civil Procedure and this District's Local Rules.

2. <u>Fed. R. Civ. P. 26(a)(1) Initial Disclosures</u>: The parties shall make their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) by **October 13, 2025**. No changes need be made to the form or requirements of such disclosures.

3. <u>Discovery Cut-Off Date</u>: The parties shall complete all discovery by **April 30, 2026**, which is approximately seven months after the date this Discovery Plan and Scheduling Order is submitted (September 29, 2025). The parties request special scheduling review and more than the 180 days contemplated by Local Rule 26-1(b)(1).

As a threshold matter, the standard deadline in Local Rule 26-1(b)(1) is calculated from the date the first defendant answered or otherwise appeared. In this case, SilverSummit removed this action from state court on March 28, 2025. Dkt. 1. The court subsequently extended the deadline for the parties to submit a proposed discovery plan and scheduling order on four occasions, given the pendency of SilverSummit's prior motions to dismiss and Dignity Health's intent to file a second amended complaint. Dkt. 20, 30, 44, 51. The standard 180-day time period therefore has already lapsed and would not allow the parties time to complete discovery.

Additionally, the operative Second Amended Complaint encompasses 13 healthcare services claims for services rendered between 2019 and 2022. Given the scope of the allegations at issue, and the anticipated volume of fact and expert discovery, the parties request approximately seven months (or 213 days) from the date this Discovery Plan and Scheduling Order is submitted

to complete discovery, rather than the standard 180 days. In submitting this Discovery Plan and Scheduling Order, the parties have otherwise endeavored to comply with the standard deadlines set forth in Local Rule 26-1(b), as set forth below.

4. <u>Amending the Pleadings and Adding Parties</u>: The parties shall file any motions to amend the pleadings or add parties by **January 30, 2026**, which is 90 days before the close of discovery in accordance with Local Rule 26-1(b)(2).

5. <u>Fed. R. Civ. P. 26(a)(2) Expert Disclosures</u>: The parties shall make their expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) on **February 27, 2026**, which is approximately 60 days before the close of discovery in accordance with Local Rule 26-1(b)(3). The parties shall make any rebuttal expert disclosures by **March 30, 2026**, which is approximately 30 days after the disclosure of experts in accordance with Local Rule 26-1(b)(3).

6. <u>Dispositive Motions</u>: The parties shall file dispositive motions by **May 29, 2026**, which is approximately 30 days after the close of discovery in accordance with Local Rule 26-1(b)(4).

7. <u>Pretrial Order</u>: The parties shall file their joint pretrial order by either **June 29, 2026**, or 30 days after the court rules on the parties' dispositive motions, whichever is later, in accordance with Local Rule 26-1(b)(5). If both parties file dispositive motions, and the court issues its rulings on separate days, the 30-day period referenced in this paragraph shall begin to run on the later of the two ruling days (*i.e.*, from the date the last dispositive motion is ruled upon).

8. <u>Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures</u>: The parties shall make their Fed. R. Civ. P. 26(a)(3) pretrial disclosures and include any objections to such disclosures in their joint pretrial order referenced in paragraph 7 above, in accordance with Local Rule 26-1(b)(6).

9. <u>Alternative Dispute Resolution</u>: The parties certify that they have considered the

possibility of using alternative dispute-resolution processes, including mediation, arbitration, and early neutral evaluation in accordance with Local Rule 26-1(b)(7). The parties do not assess that any form of alternative dispute resolution would be beneficial at this time but will continue to evaluate the potential for resolution.

10. <u>Alternative Forms of Case Disposition</u>: The parties certify that they have considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. The parties do not consent at this time. The Short Trial Program (General Order 2013-01) referenced in Local Rule 26-1(b)(8) was eliminated by General Order 2023-03.

11. <u>Electronic Evidence</u>: The parties intend to present evidence in electronic format to jurors for purposes of jury deliberations, to the extent this matter proceeds to a jury trial. Such information will be provided in an electronic format compatible with the court's electronic jury evidence display system, in accordance with Local Rule 26-1(b)(9).

12. <u>Additional Orders</u>: The parties intend to submit a proposed protective order to govern the production of protected health and other confidential information in this case on or before **October 20, 2025**.

Dated: September 29, 2025

STEPHENSON, ACQUISTO & COLMAN

By: s/ Marcus Morrow
Marcus Morrow
*Admitted Pro Hac Vice*

*Attorney for Plaintiff Dignity Health*

HUSCH BLACKWELL LLP

By: s/ Abraham J. Souza
Abraham J. Souza
*Admitted Pro Hac Vice*

*Attorney for Defendant SilverSummit Health Plan, Inc.*

**IT IS SO ORDERED**.

Dated this 29th day of September, 2025.

_____
UNITED STATES MAGISTRATE JUDGE